■ ALLAN PANCEREV et al., Respondents, v. STATE OF NEW YORK, Appellant (Claim No. 41066.) — Judgment affirmed, with costs. All concur, except Williams, P. J., and Henry, J., who dissent and vote to reverse in the following Memorandum: During the hearing the claimant Allan Pancerev was asked if he was negotiating to sell the property that remained after the condemnation and he said: "I have been attempting to sell it for the past two and a half years, without success." At the conclusion of the trial decision was reserved. That very same day the property was deeded by Pancerev and his wife to another party for a sum in excess of what the claimants contended was the value of the remainder. It is apparent that the above-quoted answer was false and intended to deceive and mislead. If the State had not been misled and deceived it could have produced testimony as to the sale, which would have been admissible and subject to consideration by the Trial Judge. (*Dormann* v. *State of New York*, 4 A D 2d 979.) Thereafter upon learning the facts of

the sale the State moved for an order setting aside the determination and the judgment on the ground of newly discovered evidence. The State's affidavits indicate that the deponent was not aware, and could not have been aware, of the sale at the time of the trial. Perhaps the State should have been more diligent by making its application before the decision. However, had the defendant answered honestly the matter would have been before the court at the time of trial. Everyone assumed that he had been trying to negotiate a sale but had not been successful. He should not be rewarded for his deceitful and evasive, if not downright deliberately false, testimony, but that is just the effect of the decision of the Court of Claims Judge not to reopen and reconsider. The fact that the court's decision may not have been substantially influenced by this testimony does not justify denial of the motion. We cannot overlook, as we have said, that the claimant made a deliberate false statement designed to unfairly and deceitfully influence the courts. (Appeal from judgment of Court of Claims for claimants on a claim for permanent appropriation and consequential damage.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.